GeoRGE Andrews, J.,
delivered the opinion of the Court.
This action was brought by Eottrell, against German, upon a written instrument, dated December 26, 1861, whereby German promised to pay to Eottrell, two hundred dollars for the rent of a house for the year 1862, for hospital purposes.
The evidence shows that German was a surgeon in the rebel army, and rented the house in question, it being then occupied by the plaintiff as a residence, for the purposes of a hospital for sick and wounded Confederate soldiers, the plaintiff knowing of the purpose to which it was to be applied.
Active military operations were about this -time in progress in this region, and the rebel authorities sent a large number of sick and wounded Confederate soldiers to the town of Eranklin, where the plaintiff resided, with orders to the citizens to provide accommodations for them. The defendant being a surgeon in the Confederate army, and having charge of the hospital, hired the residence of plaintiff for hospital purposes, and executed the note in suit to secure the rent.
The Circuit Judge instructed the jury: “That a hospital was necessary to an army, and if the plaintiff voluntarily rented his house to be used as a hospital for Confederate soldiers, it was in aid of the rebellion, and the contract would be ‘illegal and void.’”
The verdict and judgment were in favor of the defendant below; and the plaintiff appealed in error, to this Court.
*582 It is insisted for the plaintiff in error, that tbe Circuit Judge erred in that part of bis charge above quoted; that while it is true as an abstract proposition, that acts giving aid and comfort to the rebellion, and for the benefit and support of the rebel army, were illegal; still the establishment and maintenance of hospitals, and the care of sick and wounded soldiers therein, constitute an exception to the rule.
We think, that the Judge, in view of the facts in this case, stated the doctrine too broadly.
The principles of Christianity and of common humanity, as understood in the present age, impose the obligation to relieve and care for the sick and wounded belligerent, and to perform many acts which tend to mitigate the necessary horrors and cruelties of war. This obligation is equally binding upon all to whom the opportunity for its discharge is presented.
The same' assistance to preserve life or alleviate suffering, which may be rendered to a sick or wounded rebel by his surgeon or his comrade, may, in case of necessity, and at proper time, be lawfully rendered by the loyal citizen or soldier. Neither soldier nor citizen can lawfully give aid or comfort to the rebel actually in arms, but the moment the rebel soldier is hors de combat, the situation is changed, and his life may be preserved, and his sufferings relieved, though the effect is to preserve a soldier to the enemy, and thus indirectly aid the rebellion.
We do not undertake to say that a man may lawfully go as far as to enlist as a surgeon in the rebel service, or voluntarily and without the existence of ur *583 gent immediate necessity, provide hospitals for the use of the rebel army. But we think, that wherever, during the late rebellion, an immediate and pressing necessity existed for hospital buildings or other appliances, for the purpose of properly caring for the sick and wounded actually in need of the provisions made for them, any person within the rebel lines might lawfully furnish them. Some one must provide hospital buildings, or the diseased and wounded must suffer in the open air; and, if any one might thus provide, the plaintiff and every other person might do the same. If the circumstances of the case were such, that the furnishing of a hospital building was immediately required by the dictates of common humanity, then the plaintiff, or any other citizen, might lawfully provide it. And, whether he received or contracted for compensation, would not affect the question, as the act which may lawfully be performed gratuitously, is not made unlawful by the acceptance of compensation.
The distinction is this: Acts giving aid and comfort to rebellion are illegal, and contracts in pursuance or furtherance thereof, void. But where an act, permitted by the laws of war, is of such a nature that its performance by some one is demanded by the dictates of humanity as acknowledged by civilized nations, and a refusal to perform it would be cruelty and inhumanity, there it may lawfully be performed. As both parties, however, are supposed to act upon these principles, and if one party ignore them, the other would do the same, the right cause cannot be supposed to be the loser by their recognition.
*584 In view of tbe evidence in the record, it should have been left to the jury to say whether there existed, at the time of the making of this contract, such an immediate and pressing necessity for hospital buildings for. the care of persons then actually sick, wounded, or suffering, that it was required by the dictates of humanity that a building should be furnished for that purpose.
The judgment will be reversed, and a new trial awarded.